UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUHAMMAD MOSLEM UDDIN,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS LOWE,<br><br>Defendant. | No.  1:22-cv-01557-ADA-SAB<br><br>SUA SPONTE ORDER REMANDING MATTER TO THE SAN JOAQUIN COUNTY SUPERIOR COURT |

Defendant Thomas Lowe removed this case from San Joaquin County Superior Court on December 2, 2022.  (*See* ECF No. 1 at 2.)  Defendant asserts that the basis for removal is the presence of a federal question.  (*Id.* at 2.)  Specifically, Defendant states that his answer to Plaintiff's complaint alleges Plaintiff's failure to follow the strict notice requirements of California Code of Civil Procedure section 1161.  (*Id.*)  It appears that Defendant relies entirely on the invocation of section 1161 to assert jurisdiction in this Court.

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not."  *United Invs. Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).  Courts strictly construe the removal statute – 28 U.S.C. § 1441 – against removal jurisdiction.  *Geographic Expeditions, Inc. v. Est. of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)).  It is presumed that a case lies outside the limited jurisdiction of federal courts, and the burden of

establishing the contrary rests upon the party asserting jurisdiction. *Id.* at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042; *Gaus*, 980 F.2d at 566. That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions*, 599 F.3d at 1107; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997).

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). Under the "well-pleaded complaint" rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose. *Id.* at 1014. Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002); *see also Vaden v. Discover Bank*, 129 S. Ct. 1262, 1278 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law.").

Here, Defendant has not shown that removal was appropriate. Plaintiff's complaint pleads an unlawful detainer action based entirely on state law. As mentioned above, Defendant relies on his answer to invoke federal jurisdiction. The answer, however, merely alleges defective notice under state law; and does not invoke federal law. A California statute cannot form the basis for federal question jurisdiction. *See* 28 U.S.C. § 1331; *Sierra Equity Acquisitions, LLC v. Doleire*,

2016 U.S. Dist. LEXIS 152829, *3–*4 (S.D. Cal. Oct. 28, 2016); *Pacific Zinfandel Apts. v. Rowan*, 2016 U.S. Dist. LEXIS 32743, *2–*3 (E.D. Cal. Mar. 14, 2016); *Muzi v. Muniz*, 2015 U.S. Dist. LEXIS 70058, *2-*3 (N.D. Cal. May 29, 2015); *Nationstar Mortg., LLC v. Ilori*, 2014 U.S. Dist. LEXIS 5412, *6-*8 (C.D. Cal. Jan. 14, 2014).  Even if Defendant raised a federal defense in his answer, however, such an invocation could not form the basis for this Court's jurisdiction.  *See Vaden*, 129 S. Ct. at 1278; *Caterpillar*, 482 U.S. at 392; *Wayne*, 294 F.3d at 1183; *California*, 215 F.3d at 1014.  Because there is no federal question appearing in Plaintiff's complaint, Defendants have failed to invoke this Court's jurisdiction.  Remand to the San Joaquin County Superior Court is appropriate and mandatory.  28 U.S.C. § 1447(c); *Geographic Expeditions*, 599 F.3d at 1107; *Bruns*, 122 F.3d at 1257; *Page*, 45 F.3d at 133.

Accordingly,

1. Pursuant to 28 U.S.C. § 1447(c), this case is remanded to the Superior Court of San Joaquin County; and
2. Defendant's motion to proceed in forma pauperis, (ECF No. 3), is denied as moot.

IT IS SO ORDERED.

Dated:   December 7, 2022

UNITED STATES DISTRICT JUDGE